**Ernest HAMMOND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20115.**

United States Court of Appeals Ninth Circuit.

Feb. 8, 1966.

**932**

Olen D. Woods, San Diego, Cal., for appellant.

Manuel L. Real, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

BARNES, Circuit Judge:

Appellant was arrested at the Port of Andrade on the Mexican-United States border when the 1963 pickup truck he was driving was searched. Two packages of heroin were found, concealed in a hole cut into the air-cleaner of the automobile. Appellant claimed before a jury that he was innocently driving the car, borrowed by him, for one of his companions at an agreed compensation, but with no knowledge of the heroin. The jury convicted appellant on Count I (conspiracy to import heroin; 21 U.S.C. § 174) and on Count II (knowingly importing heroin; 18 U.S.C. § 2).

Three other suspects arrested with appellant and charged with the conspiracy in Count I, and aiding and abetting appellant in Count II, pleaded guilty to a tax charge, and did not testify at appellant's trial.

This was a border search by a customs official (19 U.S.C. § 482).

■ Appellant first complains that "an unknown informant" alerted border officers to the fact that heroin might be brought across the border by four individuals who had been endeavoring to buy heroin in Mexico, and who were traveling in a 1963 pickup truck bearing a stated license number. Appellant complains he was "never confronted with the witness [testifying] against him." The unknown informant did not "testify." The government need not disclose the name of an informant, or prove his trustworthiness. It can search any vehicle at the border, with or without cause.

■ Appellant's second alleged error is insufficiency of the evidence. Appellant is aware that "the weighing of the evidence and the credibility of each witness is an area solely within the province of the jury."

■ We agree, and a reading of the transcript convinces us there was ample evidence to convict. We cannot disturb the jury's pronouncement of guilt.

■ Appellant urges he was denied a speedy trial. He lists dates without reference to the reasons for delay or continuances, or whether appellant consented to or even requested the postponement of the trial, originally set for December 1, 1964, to March 9, 1965.

On the record before us, we find (a) in the Clerk's Transcript only the minute orders of November 6, 1964; March 9, 1965 and March 10, 1965; and (b) in the Reporter's Transcript, only references to occurrences on March 9, 1965 and March 10, 1965. None of these show what caused or occasioned the delay which appellant now urges was error.

We could surmise that one reason was to insure that appellant was represented

by an attorney. He was represented on arraignment (November 6, 1964) by counsel "appointed for A/P only." (This we interpret as "appointed for arraignment and plea only".) Upon his plea of not guilty his trial was set for December 1, 1964. Nothing in the record discloses what occurred on December 1, 1964. His trial commenced on March 9, 1965, and he was represented by counsel other than his original counsel. No objection was then made to proceeding to trial—either on the ground of delay or any other ground. No motion to dismiss for delay in prosecution was made.

But whatever may have been the reason for the delay from December 1, 1964 to March 9, 1965, need not concern us. Appellant has the obligation to develop a record that discloses the true facts, and cannot ask an appellate court to guess whether there was no good reason for the delay.

Appellant lastly urges that because one or all of the first three alleged errors may not constitute error, their cumulative effect may be error. We reject such reasoning. Any number of "almost errors," if not "errors," cannot constitute error.

Affirmed.