Earnest **HAMMOND**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22589.

United States Court of Appeals
Ninth Circuit.

March 4, 1969.

A. Henderson (argued), John Hart
Ely, Federal Defenders, San Diego, Cal.,
for appellant.

Shelby R. Gott (argued), Asst. U. S.
Atty., Edwin L. Miller, U. S. Atty., San
Diego, Cal., for appellee.

Before CHAMBERS and BARNES,
Circuit Judges, and BYRNE*, District
Judge.

BYRNE, District Judge:

Appellant appeals from the judgment
of the District Court denying a motion
after a hearing, with appellant present,
under Title 28, United States Code, sec-
tion 2255. Appellant was originally con-
victed of two counts of smuggling and
conspiracy to smuggle in violation of

* Honorable William M. Byrne, United States Senior District Judge, Los Angeles, California,
sitting by designation.

Title 21, United States Code, section 174. He duly appealed this judgment of conviction. Hammond v. United States, 356 F.2d 931 (CA 9, 1966).

On the original appeal, appellant urged that the following four alleged errors required reversal. First, the government failed to disclose an informant who alerted border guards to the possibility of heroin in the vehicle. Second, there was insufficient evidence to support the verdict. Third, appellant argued that he was denied a speedy trial. Fourth, he claimed that the cumulative effect of the first three near errors constituted error. The Court of Appeals rejected these claims and affirmed. Hammond v. United States, *supra*.

Appellant next moved for relief under § 2255. He again specified four errors, three of which were not previously claimed. These alleged errors are that: (1) He was held incommunicado for some time before trial and denied the use of the telephone to contact counsel; (2) Appellant was denied a favorable witness at his trial; (3) Appellant was deprived of his right to a speedy trial; and (4) The prosecutor made prejudicial statements to the jury in his closing argument. The District Court considered these claims and denied the motion.

On this appeal appellant has not argued the first and third specifications of error relating to being held incommunicado and being deprived of a speedy trial. We agree with the District Court and appellant's counsel that these complaints are without merit. There was evidence that appellant was allowed to make two and possibly more telephone calls and that he was permitted to write and receive letters. Thus, the incommunicado claim is not supported by the record. The lack of a speedy trial claim, decided against appellant by the Court of Appeals on his direct appeal and by the District Court below, is also without merit. Appellant was not brought to trial in the regular course because a chest x-ray indicated active tuberculosis. He was sent to the Los Angeles County Hospital for treatment. Neither appellant nor his counsel requested that he be returned for trial. Furthermore, there is no evidence of prejudice to appellant because of the delay.

Appellant relies on the second and fourth specifications of error for reversal of the District Court. He contends that Jackson, one of three co-defendants, agreed to testify that appellant was inside a liquor store when the heroin was concealed in the vehicle. Jackson also agreed to testify that as they approached the border, Jackson, and not the appellant, was driving. Appellant claims that the United States Attorney effectively coerced Jackson not to testify by alerting Jackson's counsel to his intention of testifying. Jackson's attorney then advised him to exercise his right not to incriminate himself. The prosecutor did stipulate, however, that Jackson would testify, if called, that he was driving the vehicle as they approached the border. Appellant did not object to this stipulation. Appellant argues that the United States Attorney influenced Jackson's decision by holding a § 174 smuggling charge open, even after Jackson had pleaded guilty to a tax count. Presumably, the government counsel would not have alerted Jackson's attorney unless he planned to suggest further prosecution in the event that Jackson testified for the defense. Assuming the reasonableness of appellant's presumption, the action of the United States Attorney would be analogous to the cases where the prosecutor elicits admissible testimony from witnesses who hope for leniency in sentencing, or reduction of charge, in exchange for their cooperation with the government. Since such testimony is not considered coerced Minkin v. United States, 383 F.2d 427 (CA 9, 1967); Diaz-Rosendo v. United States, 357 F.2d 124 (CA 9, 1966) cert. den. 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83; United States v. Marchese, 341 F.2d 782 (CA 9, 1965), cert. den. 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64; the refusal to testify motivated by the same hopes for, or expectations of, leniency must also be considered in the same manner.

The second specification of error upon which appellant relies concerns two prejudicial statements the prosecutor made to the jury during his closing argument. The first relates to the failure of the defense to call to the stand any of the three co-defendants. Government counsel asked the jury to consider why they were not called by the defense. Appellant argues that the government counsel knew that Jackson would invoke the Fifth Amendment and refuse to testify. The prosecutor's statement did not refer specifically to Jackson, but to all the co-defendants. Thus, it was not greatly misleading. Yet, even assuming prejudicial error, there was no objection to the remark. This acts as a waiver, since a contemporaneous objection permits the trial court to correct the error during the trial. White v. United States, 315 F.2d 113, 116 (CA 9, 1963), cert. den. 375 U.S. 821, 84 S.Ct. 58, 11 L.Ed.2d 55.

The second alleged prejudicial statement is the comment by the prosecutor that the Mexican authorities twice refused the co-defendants admittance to Mexico, implying that the Mexican Government knew that appellant had previously trafficked in narcotics. Here, again, there was no objection and thus no opportunity for the court to admonish the jury not to draw that improper inference. The failure to object acts as a waiver of the error. White v. United States, *supra*.

We reject appellant's petition for reversal for another and more fundamental reason. Not only was there no trial objection to the Jackson stipulation, nor to either of the two alleged prejudicial statements; none of these alleged errors was urged on the direct appeal from the judgment of conviction. Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction. United States v. Marchese, 341 F.2d 782, 789 (CA 9, 1965) cert. den. 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64; or stated another way, grounds which were apparent when appellant appealed from his conviction cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence. Medrano v. United States, 315 F.2d 361 (CA 9) cert. den. 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81.

Affirmed.