**UNITED STATES of America,**
**Appellee,**

**v.**

**Jack Damian WELP, Appellant.**

**No. 71–1268.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1971.

Rehearing Denied Aug. 26, 1971.

Howard R. Lonergan (argued), Portland, Or., for appellant.

Tommy Hawk, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before BROWNING, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

Appellant appeals from his conviction for bank robbery. He attacks his conviction on three grounds: (1) the district court erred in denying his motion to suppress evidence that he contends was the product of an illegal search and seizure; (2) the court abused its discretion in excluding a psychiatrist's testimony, and (3) the prosecutor commented improperly upon the defendant's failure to call a witness.

■ Nebraska police officers having observed appellant's erratic driving stopped him and asked for his driver's license and automobile registration. The numbers on the Oregon registration and plates did not match. Appellant was arrested on a charge of driving with fictitious plates, and he was transported to jail where his wallet was searched. Thereafter his automobile was searched with his consent. He was released after a check with Oregon authorities revealed that he had properly obtained new plates. Evidence obtained during the searches connected appellant with the Oregon bank robbery for which he was convicted. Appellant recognizes that the sole basis upon which he can challenge the legality of the warrantless search to which he did not consent is to attack the arrest to which the initial search was incident. He argues that the arrest was illegal because the police would have discovered that the plates were not fictitious had they checked with the Oregon Motor Vehicle Division before they arrested him. Probable cause to arrest appellant upon the fictitious plate charge did not retrospectively evaporate when facts exonerating him upon that charge were discoverable and were later discovered.

■ Appellant contends that the district court prejudicially erred in excluding testimony of a psychiatrist called by appellant to rebut an inference of flight permitted by the Government's evidence that appellant used several different aliases. Appellant sought to prove through the psychiatrist that appellant's use of aliases was attributable to mental disturbance rather than to consciousness of guilt. The district court excluded the evidence on the ground that the potential prejudice to the appellant from its admission substantially outweighed its probative force. That determination was made after the court learned that the psychiatrist's opinion was based, in part, upon appellant's long history of incarceration in penal institutions. Under the peculiar circumstances of this case, we cannot say that the district court abused its discretion in excluding the evidence.

■ There was no error in the prosecutor's comment about the failure of appellant to call his father as a witness. The father was in court during the trial. Appellant's statement to the Nebraska police that packets of currency found in his automobile were proceeds of a loan from his father was in evidence. Appellant called four other witnesses upon his behalf. His failure to call his father as a witness to corroborate the explanation that he had given to the police permitted an inference that the father's testimony would have been unfavorable. The prosecutor's comment to the jury did not go beyond suggesting that inference to the jury. (Cf. Wynn v. United States (1967), 130 U.S.App.D.C. 60, 397 F.2d 621.)

Appellant's remaining argument is not an attack upon the judgment. It is a request for comment upon the right of the Government to withhold from appellant currency seized from him to which the Oregon bank has laid claim. We decline the request.

The judgment is affirmed.