Curtis Lee JOHNSON, Petitioner,

v.

James SPALDING, Respondent.

No. C–80–479.

United States District Court,
E. D. Washington.

March 19, 1981.

John A. Strait, Criminal Appellate Clinic, University of Puget Sound School of Law, Tacoma, Wash., for petitioner Curtis Lee Johnson.

Michael P. Lynch, Asst. Atty. Gen., Olympia, Wash., for respondent Superintendent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

QUACKENBUSH, District Judge.

Petitioner seeks a writ of habeas corpus. He is confined as a result of a conviction for first degree murder. He challenges that confinement alleging: (1) an alibi instruction shifted the state's burden of persuasion onto him; (2) the reasonable doubt instruction overstated the uncertainty required for a reasonable doubt; (3) an adverse missing witness inference prejudiced a fair trial; (4) the admission of prior trial testimony of an unavailable state's witness violated the right to confrontation; (5) a limitation upon the scope of impeachment testimony violated the right to confrontation and cross-examination; (6) the admission of a letter to show hostility to the prosecutor biased the jury; and (7) his right to effective assistance of counsel was denied.

Petitioner was charged in Walla Walla County Washington Superior Court with the first degree murder on January 7, 1976 of a prisoner inmate. At trial Petitioner testified and produced witnesses to support his alibi defense. A deadlocked jury and extensive media coverage necessitated a second trial with venue in Snohomish County. The second jury found Petitioner guilty. Petitioner returned to Walla Walla County for pronouncement of a life imprisonment sentence.

Division III of the State of Washington Court of Appeals reviewed the same errors as alleged in this Court, affirming the conviction. Its opinion is published in part at *State v. Johnson*, 19 Wash.App. 200, 574 P.2d 741 (1978). The Washington Supreme Court refused a discretionary review. Subsequently, Petitioner instituted this collateral attack upon his confinement as allegedly imposed contrary to the United States Constitution.

There was some initial concern with the propriety of our jurisdiction to entertain Petitioner's application for a writ. Jurisdiction is limited by 28 U.S.C. § 2241(d) which permits an application to be filed "in the district court for the district wherein such person is in custody or ... the district within which the State Court was held which convicted and sentenced" the petitioner. Petitioner filed his application for the writ while in Shelton State Reformatory within the territorial reach of the federal court for the western district of Washington,[1] thus our concern for jurisdiction under the "in custody" requirement. However, the jurisdictional basis under the criteria of this court's jurisdiction over the proceedings of the court "which convicted and sentenced" is considerably stronger.

Following his trial in the County of Snohomish, Petitioner and the full record of his case were returned to the control of Walla Walla County Superior Court within this district. It appears that the ministerial act of entering the judgment of conviction occurred in Walla Walla County Cause No. 66747. Post trial motions, sentencing, and the commitment occurred in Walla Walla County. We understand that a Washington conviction may mean a "formal finding or declaration of guilt—as in a judgment and sentence". *State ex rel. Brown v. Superior Court*, 79 Wash. 570, 140 P. 555 (1914). These facts would satisfy the "convicted and sentenced" language of the statute, § 2241(d). Therefore, this Court is satisfied that it has jurisdiction.

---

1. Counsel informed the Court that Petitioner was only temporarily at Shelton. His belongings were in the penitentiary at Walla Walla, in this Court's geographic jurisdiction. Petitioner was then moved out of the state and subsequently returned to Walla Walla at the time of argument in this Court.

The Court is also satisfied that exhaustion doctrine would allow Petitioner to proceed in this Court, notwithstanding a remedy available to petitioner in the State Court through the vehicle of a personal restraint petition. The Washington Rules of Appellate Procedure (RAP) establish the personal restraint petition as the only procedure for post-conviction relief originating in the appellate courts. RAP 16.3. The issues raised by the habeas corpus petition were previously and "fairly presented" to the Division III Court of Appeals, similarly constituted, to which the state personal restraint petition would be directed. RAP 16.3(c), 16.8(b). The decision of that court is subject to discretionary review by the State Supreme Court "on the terms and in the manner" as governed the petition for review of the direct appeal. RAP 16.14(c). We perceive that any effort to exhaust state remedies clearly would be futile and that is not required. *Blackledge v. Perry*, 417 U.S. 21, 24, 94 S.Ct. 2098, 2100, 40 L.Ed.2d 628 (1974). We proceed seriatim to treat the allegations that Petitioner "is in custody in violation of the Constitution" of the United States. 28 U.S.C. § 2254(a).

The Court recognizes that the Constitution must not be lightly construed "so as to intrude upon the administration of justice by the individual states" and, that "among other things it is normally 'within the power of the state to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion, and its decision in this regard is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental". *Patterson v. New York*, 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977). However, if the alibi instruction [2] *required* the defendant to produce evidence and convince the jury as to his innocence of the elements of the crime, the instruction would offend the presumption of innocence [3] "ranked as fundamental". This Court would intervene in such a case to overturn the state court's verdict. *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

Petitioner argues that the alibi instruction given at trial removed the prosecution's burden to produce evidence and persuade the jury as to the essential elements of crime and placed that requirement upon him. To assess this contention, the Court must look to all of the instructions and not to an isolated word or sentence. *Cupp v. Naughten, supra*, 146–47, 94 S.Ct. at 400.

An alibi defense is the presentation of evidence in an attempt to refute the state's evidence concerning an essential element—the defendant's presence. The challenged instruction states the law of the "defense of alibi" as a rule affecting the evidentiary and procedural order of proof. The instruction does not compel the jury to first believe the state's evidence. It does not operate in effect to tell the jury "*before you can acquit the defendant by reason of his defense of alibi, you must find* that he has established it (by some evidentiary measure)". *Stump v. Bennett*, 398 F.2d 111, 119 n.6 (8th Cir. 1968) (en banc).

---

**2.** "A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed.

When the state makes out such a case as would sustain a verdict of guilty and the defendant offers evidence as to an alibi, the burden of proof is upon such defendant insofar as that alibi is concerned. However, it is not incumbent upon the defendant to prove the alibi beyond a reasonable doubt.

After both the State and the defendant have submitted all of their proof the primary question is whether such defendant is guilty beyond a reasonable doubt. If, in considering all the evidence, including that touching the alibi, you have a reasonable doubt of the guilt of the accused, you should acquit and, if not, you should convict."

**3.** The presumption of innocence is a shorthand description of the right of the accused to "remain inactive and secure" until the prosecution has taken up its burden to produce evidence and to persuade or convince the jury beyond a reasonable doubt. *Taylor v. Kentucky*, 436 U.S. 478, 483 n. 12, 98 S.Ct. 1930, 1934 n. 12, 56 L.Ed.2d 468 (1978).

The contested second paragraph of the instruction begins with the placing of burden of production and persuasion upon the state. The relevant language of the instruction is: "when the state makes out such a case as would sustain a verdict of guilty". The instruction then describes the defendant's presentation as to his theory of the case to refute the state's case. However, the language does not require the jury to believe the prosecutor's theory until it is satisfied with the defendant's theory. The continuing notion that the prosecution must prove the elements is not interrupted by language of incumbency, requirement, or similar compulsion such that defendant's failure to do as required accrues to the prosecution's benefit. The pertinent language is as follows: "*and the defendant offers* evidence as to an alibi, the burden of proof is upon such defendant insofar as that alibi is concerned". What verges on a burden in this language draws the jurors' attention to the question of whether defendant produced sufficient evidence to put the particular fact of his presence in issue but defendant need not do anything—neither produce nor persuade the mind of the jury. Admittedly, the instruction may create confusion or ambiguity but that is dispelled immediately in the closing paragraph.

On balance, the instruction and the charge as a whole made the jurors' duty clear. The sum of the instruction is that, even if the jury should determine that the defendant presented insufficient evidence of alibi (the alibi evidence in this case was substantial) or should disbelieve the evidence, the jury must weigh all the evidence submitted and should acquit if there is a reasonable doubt of guilt. Furthermore, the charge requires the state, not the defendant, to meet the reasonable doubt standard to convince the jurors of the defendant's presence and guilt of the crime. The Court concludes that the alibi instruction by its language neither shifts the burden of proof nor negates the explicit presumption of innocence charged by Instruction No. 11. The giving of the instruction did not offend the Constitution.[4]

■■■ Petitioner alleges that the giving of Instruction 14 [5] equated reasonable doubt with substantial doubt thereby overstating the degree of uncertainty required for acquittal. Petitioner provides no authority to support the contention that giving this instruction violates the Constitution. Petitioner's support lies mainly in direct appeal cases, not collateral attacks on state court convictions. In habeas proceedings Petitioner must go further than showing error or even plain error. He must show plain constitutional error which prejudiced his fundamental right to a fair trial. See, *Hen-*

4. Petitioner cites the case of *Kubicek v. May*, No. 438–73 C2 (W.D.Wa.1973) (unreported habeas corpus case companion to *State v. Kubicek*, 81 Wash.2d 497, 502 P.2d 1190; petition granted on grounds that alibi instruction was fundamentally unfair) as support for distinguishing between the alibi instruction in *State v. Adams*, 81 Wash.2d 468, 503 P.2d 111 (1972) which Petitioner accepts as not containing burden shifting language, and the alibi instruction in this case. However, the instruction in Kubicek's case contained language of "incumbency". It placed the burden of proof upon the accused to prove something and further required defendant to satisfy the jury.
On the other hand, the instruction in this case is identical in operational effect to the *State v. Adams* type instruction. The only linguistic difference is in use of "to make out" in *Adams* and the use of "to prove" in this instant instruction. This type instruction was challenged in *Poole v. State*, 551 F.2d 683 (5th Cir. 1977) with the panel holding the instruction did

not deny due process, affirming the denial of the writ. Furthermore, a panel of this circuit in *Adams v. Raines*, No. 74–1848 (Dec. 3, 1974) (unpublished but argued by the parties) held the instruction was not constitutionally infirm. In *United States v. Robinson*, 602 F.2d 760 (6th Cir. 1979) the Court held on direct appeal that reversal for the giving of a similar type instruction was not required; burden of proof not placed upon defendant.

5. Instruction 14 in pertinent part reads as follows: The expression "reasonable doubt" means in law just what the words imply—a doubt founded on some good reason. It must arise from the evidence or lack of evidence. It must not be a mere whim or a vague conjectural doubt or misgiving founded upon mere possibilities. It must be a substantial doubt, such as an honest, sensible and fairminded man might with reason entertain consistently with a conscientious desire to ascertain the truth.

derson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). The giving of this instruction does not raise an issue of constitutional dimensions.

■ As stated above, an isolated word or sentence in an instruction must not control the Court's decision; rather, the Court must look to the whole charge. A reasonable doubt instruction may stand as a whole even if one part of the instruction is misleading. *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). In this instance the language of the instruction, viewed in its entirety did not equate reasonable with substantial doubt. *United States v. Loman*, 551 F.2d 164, 167 (7th Cir. 1976) *cert. denied*, 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977), citing *United States v. Lawson*, 507 F.2d 433 (7th Cir. 1974) (definition of reasonable doubt as "a doubt that is based on reason *and must be substantial* rather than speculative" is based on acceptable authority; *Id.*, 440–41). See also, *Taylor v. Kentucky*, 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 36 L.Ed.2d 468 (1978) (apparently did not find the equation of reasonable doubt with substantial doubt to be offensive).

This instruction, unlike the instruction in *Dunn v. Perrin*, 570 F.2d 21, 23–4 (1st Cir. 1978), the sole habeas case relied upon by Petitioner, clearly defines reasonable doubt in the context of the burden upon the *state* to prove every material fact "beyond a reasonable doubt". The total effect of the instruction is that the jury was made to understand that they must feel sure of defendant's guilt and that the onus was on the prosecution and not the defense.

■ Petitioner, in connection with the two challenged instructions and other asserted evidentiary errors, argues that we should gather any non-constitutional "errors" together to find that two or more of them constituted the denial of a fundamentally fair trial. This argument, however, is unacceptable. This Court does not have the reviewing authority of an appellate court. Only constitutional error is cognizable here. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–43, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431

(1974); *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). An allegation of error not of constitutional proportions is, for habeas corpus purposes, foreclosed from further consideration except as it constitutes a fact of trial connected to the determination of prejudice after a determined constitutional error.

■ Each allegation of instructional error is tested in the context of the entire charge. State evidentiary rulings are not cognizable unless they involve a "federally significant external event." *Crisafi v. Oliver*, 396 F.2d 293, 294, 295 (9th Cir.) *cert. denied*, 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968). Certainly, trial errors which infringe upon a specific constitutional protection or are themselves so prejudicial as to amount to denial of due process, present a justiciable federal issue in a habeas proceeding. *Davis v. Campbell*, 608 F.2d 317 (8th Cir. 1979). But, this Court is without authority to accept Petitioner's invitation to consider cumulative allegations of "error". 28 U.S.C. § 2254(a), and therefore declines it. See, *Hammond v. United States*, 356 F.2d 931 (9th Cir. 1966) (any number of "almost errors", if not "errors" cannot constitute error; on direct review refusal to stack).

■ Petitioner next alleges a series of erroneous evidentiary rulings. First, he contends that permitting the prosecution's missing witness inference at closing argument rendered the trial fundamentally unfair. The trial judge in advance, over counsel's objection, ruled the adverse inference proper. Defense counsel had an opportunity to rebut the inference at argument by explaining the absence of the witness—Leo Larsen. However, comment about the failure of the defense to call a witness, even though he is present in court, is not constitutional error. See, *U. S. v. Welp*, 446 F.2d 867 (9th Cir. 1971). The issue rises to the level of fundamental, however, where the inference is phrased to call attention to the defendant's own failure to testify. *United*

*States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980). Obviously, the statement of the prosecutor cannot be construed as comment on Petitioner's failure to testify. Petitioner testified. Nor did the statement alter the burden of proof. See *United States v. Higginbotham*, 539 F.2d 17 (9th Cir. 1976).

▮ Next, Petitioner alleges that the prosecution was permitted to read Lopez Bible's testimony from the first trial into evidence at the second trial. RP 215–20. He claims this denied his right to confrontation. Lopez Bible, at the time of the second trial, was at an undetermined location in California which made him unavailable without fault of the state. His prior testimony was given under circumstances which provided substantial compliance with the purposes behind the confrontation requirement. See, *California v. Green*, 399 U.S. 149, 165–66, 90 S.Ct. 1930, 1938–39, 26 L.Ed.2d 489 (1970); *Mancusi v. Stubbs*, 408 U.S. 204, 216, 92 S.Ct. 2308, 2314, 33 L.Ed.2d 293 (1972). Petitioner had an effective opportunity to confront the witness at the first trial and his Sixth Amendment rights were not deprived by the admitted testimony. Moreover, assuming a Sixth Amendment problem, Bible's testimony, dealing as it did with the transportation of the victim's body from one location to another, is of such dubious relevancy that its admission was not prejudicial.

▮ Petitioner claims that the restrictions imposed upon the scope of cross-examination and impeachment of state's witness Bruce Lloyd violated his Sixth Amendment rights. However, the State Court of Appeals found, and the record substantiates their finding, that the facts sought to be introduced about the parole reinstatement of Bruce Lloyd (motive for testifying) and the facts of a prior inconsistent statement of this witness, offered through the impeachment testimony of defense witness Loretta McLaughlin—did come before the jury. RP 242–243; 367–69; 445–48; 454–56; 535–37. The relevant factors concerning Lloyd's motives and his prior inconsistent statements were revealed during the course of the trial. The test as

to whether a trial court's ruling violated the Sixth Amendment is "whether the jury had in its possession sufficient information to appraise the biases and motivation of the witness." *U. S. v. Bleckner*, 601 F.2d 382 (9th Cir. 1979). The Court admitted sufficient information. Beyond that the Court has broad discretion concerning the extent of cross-examination. See, e. g. *Skinner v. Cardwell*, 564 F.2d 1381, 1388–89 (9th Cir. 1977), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978). The confrontation clause applies to the essentials of cross-examination not to all the details of its implementation. In this case the substance of Petitioner's Sixth Amendment right was not violated.

▮ Petitioner also contends that the Trial Court's allowing into evidence a portion of a letter sent to the prosecutor, RP–561, biased the jury. But, this contention raises no "federally significant external event"; it implicates no specific guarantee or fundamental right. This evidentiary ruling is not cognizable in a habeas corpus action. *Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1979).

▮ Lastly, Petitioner complains that he was denied his Sixth Amendment right to the assistance of effective counsel. His claim of ineffective assistance is founded upon the specific assertions that (1) defense counsel(s) failed to know the current status of the alibi instruction law and (2) permitted defense witnesses to appear in prison clothes during a trial where credibility was crucial.

The standard for evaluating this claim of ineffective assistance is set forth in the en banc decision in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), *cert. denied* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793. The circuit held that persons accused of crime must be afforded reasonably competent and effective representation but, where the claim of ineffective assistance is founded upon specific acts or omissions of defense counsel at trial, the accused must establish that counsel's errors prejudiced the defense. *Id.*, 1338, 1341. Applying this standard to

the alleged errors convinces the Court that Petitioner was competently represented.

The Supreme Court of Washington in *State v. Adams, supra,* stated that the alibi instruction substantially as given in this case was the "approved and accepted" formulation but advised against giving any alibi instruction. *Id.,* 478, 503 P.2d 111. As best as may be determined the instruction was selected by the court, although without noticeable objection of counsel. However, this Court found above that the giving of the instruction did not render the trial fundamentally unfair. In the circumstances of a case where alibi is the theory of defense supported by substantial alibi testimony, it may be tactically sound judgment to request an alibi instruction to assist the jury. The failure to object to this instruction neither indicates a failure to understand the law nor prejudices the defense.

The particular due process right implicated by an appearance at trial in prison issue clothes is the presumption of innocence. Thus, the Fourteenth Amendment protects against the State compelling an *accused* to stand trial while dressed in prison clothes. *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). In this instance, defendant's witnesses, not defendant, appeared in prison clothes. But with or without prison clothes, there was never a question in the jury's mind that these witnesses were inmates of the Washington State Penitentiary. Petitioner makes no allegation that the state compelled their appearance in prison clothes but, had it done so, we would be at a loss to find what prejudice resulted. The tactical decision to present witnesses in prison clothing did not prejudice the defense.

In conclusion, the Court holds that the fundamental rights of due process secured by the Fourteenth Amendment were substantially afforded at trial. The Court is, therefore without grounds upon which to grant the Writ of Habeas Corpus. Consequently, the Petition is DENIED.

IT IS SO ORDERED.