**Curtis Lee JOHNSON, Petitioner-Appellant,**

v.

**James SPALDING, Dr. Robert Jones, the Attorney General of the State of Washington, Respondents-Appellees.**

No. 81–3205.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1982.

Decided Feb. 18, 1982.

John A. Strait, Tacoma, Wash., for petitioner-appellant.

Mike Lynch, Asst. Atty. Gen., Olympia, Wash., for respondents-appellees.

Before KILKENNY, ANDERSON and ALARCON, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant, a Washington state prisoner, convicted of first degree murder, sought habeas corpus relief under 28 U.S.C. § 2254. In an exceptionally well written and exhaustive order, the district court denied the petition. *Johnson v. Spalding*, 510 F.Supp. 164 (ED Wash.1981).

Here, as in the district court, the appellant challenges the validity of the state court conviction on the following grounds:

(1) that the alibi instruction shifted to him the state's burden of persuasion;

(2) that the instruction on reasonable doubt overstated the uncertainty required for a reasonable doubt;

(3) that an adverse missing witness inference argued by the prosecution prevented him from having a fair trial;

(4) that the admission of prior trial testimony of an unavailable state's witness violated his right to confrontation;

(5) that a limitation upon the scope of impeachment testimony violated his right to confrontation and cross-examination;

(6) that the admission of portions of a letter to show appellant's hostility to the prosecutor biased the jury against him, and

(7) that his right to effective assistance of counsel was denied.

Additionally, appellant claims that the district court order is based upon erroneous case analysis and that it made several erroneous evidentiary rulings that individually and collectively violate the appellant's due process rights.

Despite the arguments and case citations in appellant's 46-page opening brief, with appendix, and his 9-page reply brief, our review of the complete record before us, including that of the state court, convinces us that the district court correctly interpreted and properly applied the law to the record. Beyond question, the appellant had a fair trial and we see no real possibility that the jury was actually misled or that appellant was in any way prejudiced by the alleged errors raised on this appeal. Appellant's substantial rights were in no way affected. Because appellant's assignments of error are to all intents and purposes identical with those raised in the district court, and by reason of our review of the record, we have no hesitancy in affirming that court's order for the reasons stated in its order, *supra*.

IT IS SO ORDERED.