907 F.2d 155
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 John Allen ROBINSON, Petitioner-Appellant,
v.
Lawrence KINCHELOE, Warden, Respondent-Appellee.
 No. 89-35262.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 26, 1990.*
Decided July 12, 1990.
 Before JAMES R. BROWNING, KILKENNY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robinson appeals pro se from the district court's denial and dismissal of his petition for a writ of habeas corpus, arguing that the state trial court erred by (1) failing to instruct the jury that the prosecution had to prove lack of self-defense beyond a reasonable doubt as an element of the crime of first-degree murder, and (2) refusing to sever Counts I and II for separate trials. We review de novo any legal conclusions a district court reaches in its decision to grant or deny a petition for a writ of habeas corpus, Bostic v. Carlson, 884 F.2d 1267, 1269 (CA9 1989), while we review for clear error any factual findings upon which that decision was based. Norris v. Risley, 878 F.2d 1178, 1180 (CA9 1989). We affirm.
 
 
 3
 The prosecution must prove beyond a reasonable doubt each and every element of a charged offense. In re Winship, 397 U.S. 358, 364 (1970). Jury instructions which relieve the prosecution of that burden may violate a defendant's due process rights. Sandstrom v. Montana, 442 U.S. 510, 523 (1979). However, the mere omission of a requested jury instruction does not rise to the level of a due process violation unless it "infect[s] the entire trial". Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).
 
 
 4
 Although Washington law requires the State to bear the burden of proof on a properly raised claim of self-defense, State v. McCullum, 98 Wash.2d 484, 656 P.2d 1064, 1072 (1983), proof beyond a reasonable doubt of the elements of the crime of first-degree murder in and of itself disproves any claim of self-defense. Id. at 1074. Here, the jury's finding of guilt on the first-degree murder charge necessarily disproved the possibility of any claim of self-defense. See id. Accordingly, the trial court's failure to include an instruction on the prosecution's burden of proof with respect to self-defense did not infect the trial and does not rise to the level of a due process violation.[1] See Henderson, 431 U.S. at 155.
 
 
 5
 Robinson's argument concerning the trial court's refusal to sever Counts I and II is equally meritless. These two counts involved the shootings of both his estranged wife's attorney and her nephew during the course of the Robinsons' divorce proceedings. The prosecution's theory that the two incidents were connected by the same motive of revenge against Robinson's wife was plausible and rendered evidence of each shooting admissible at the trial of both offenses to show that connection. See United States v. Brown, 720 F.2d 1059, 1075 (CA9 1983); FRCrimP 8(a).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. FRAP 34(a); CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3
 
 
 [1]
 Although it is not clear from his brief on appeal, Robinson appears to argue that the State failed to carry its burden of proof on this point by impermissibly shifting the burden to him. The jury's finding of guilt on the charge of first-degree murder shows that the prosecution met its burden of proof on all elements of the crime beyond a reasonable doubt. See Dunckhurst v. Deeds, 859 F.2d 110, 113 (CA9 1988). Cf. Sturgis v. Goldsmith, 796 F.2d 1103, 1107 & n. 3 (CA9 1986) (harmless error); Johnson v. Spalding, 669 F.2d 589, 590 (CA9) (defendant convicted of first-degree murder in Washington state court not entitled to habeas relief because of allegedly erroneous jury instruction shifting state's burden of proof), cert. denied, 459 U.S. 942 (1982)