**Ruben Gonzales SAENZ, Petitioner,**

v.

**Charles D. MARSHALL, Respondent.**

**No. CV 91–4849–R(JG).**

United States District Court,
C.D. California.

March 3, 1992.

Ruben Gonzales Saenz, in pro. per.

Donald F. Roeschke, Deputy State Atty. Gen., Los Angeles, Cal., for Charles D. Marshall.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

REAL, Chief Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the petition, all of the records and files herein, and the attached Report and Recommendation of Magistrate Judge. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of the Order Adopting and Judgment by United States mail on the petitioner, the Attorney General of the State of California, and the Presiding Judge of the Los Angeles Superior Court, in and for the County of Los Angeles, California.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (HABEAS CORPUS)

GROH, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

Petitioner, a state prisoner, is serving a 15 year sentence following his conviction, by a jury, of robbery within a residence and assault with a deadly weapon. The Court of Appeal affirmed, and the California Supreme Court denied his Petition for Review.

Petitioner advances a single claim—that his constitutional right to a fair trial was denied because an alleged participant in the crime was permitted to appear before the jury for identification while dressed in prison clothing and under guard. (Pet. p. 10.)

## THE TRIAL PROCEEDINGS

The circumstances surrounding the crime itself are not in dispute.[1] On the evening of March 19, 1986, Erick Krull was in his sister's apartment babysitting his niece. Krull allowed an acquaintance, Jimmy Tarnowski, to come into the apartment to visit. Shortly thereafter there was a knock on

---

1. The facts are set forth at length in the opinion of the Court of Appeal. (Ans. Ex. A, pp. 11–13.)

the door, and Tarnowski admitted two men, one of whom had a gun. The two bound Krull, ransacked the apartment and took a number of items.[2] Shortly after the crime, Krull identified petitioner's photograph as one of the robbers.

The question of petitioner's identification was the major issue at trial, and Krull was the sole witness to the crime. The prosecution brought Tarnowski into the courtroom so that Krull could identify him as the person who let petitioner into the apartment.[3] As Tarnowski was in custody on other charges at the time, he was accompanied by a deputy sheriff and wore prison garb—a white t-shirt and blue pants bearing the words "L.A. County Jail." Petitioner's counsel noted an objection to Tarnowski's appearance before the jury in that attire. (R.T. 102.) Tarnowski said nothing while in court, and was removed from the courtroom after he was identified by Krull. (R.T. 104–06.)

## DISCUSSION

█ It is settled law that a defendant in a criminal trial may not be required to wear prison garb over his objection. To do so would violate the due process right to a fair trial—specifically, the deprivation of the presumption of innocence. *Estelle v. Williams*, 425 U.S. 501, 503–505, 96 S.Ct. 1691, 1692–1693, 48 L.Ed.2d 126 (1976)[4]; *Felts v. Estelle*, 875 F.2d 785 (9th Cir.1989).

█ Petitioner seeks to extend this prohibition to Tarnowski's brief appearance in court for purposes of identification. I have found only one federal decision addressing

this precise question, *United States v. Carter*, 522 F.2d 666, 677 (D.C.Cir.1975) (decided just before the Supreme Court's decision in *Estelle*).[5] In *Carter*, a named co-conspirator who had been convicted at the first trial of the case was brought into the courtroom in jail issue for purposes of identification. While the court did not hold the incident to be a ground of reversible error, it did strongly criticize the practice in dictum. I have found no decision of the Ninth Circuit, or any other circuit, which has either embraced the dictum of *Carter* or has extended the *Estelle* holding to witnesses.

Nor does the rationale of *Estelle* apply convincingly with regard to a witness in prison dress. Jail clothing on a defendant may easily be seen as projecting a suggestion of guilt. Whether a witness' clothing carries the same implication is problematic. Moreover, the duration of the jury's exposure to a single witness is often brief, as was the case with Tarnowski. By contrast, the concern of the Court in *Estelle v. Williams*, was not the mere fact of the exposure, but its duration; the "consistent reminder of the accused's condition implicit in [his] ... attire" and its "continuing influence throughout the trial." *Estelle v. Williams*, 425 U.S. at 504–505, 96 S.Ct. at 1693.

The foregoing considerations lead me to conclude that Tarnowski's appearance before the jury in prison dress did not infringe any constitutionally protected right.[6]

█ Even if the rule of the *Estelle* case were held to apply to the attire of witnesses, the error in the instant case was harm-

---

**2.** Tarnowski's role in the crime is unclear. The record suggests he was arrested for the crime, but that the case was dismissed at the preliminary hearing. (R.T. 101–103.)

**3.** Under state law the ability to identify others involved in a crime is a factor to be considered in weighing eyewitness identification testimony, and the jury was so instructed here. CALJIC (5th ed.) Section 2.92; R.T. 205–206.

**4.** Since the effect of the practice would fall most heavily on those who cannot afford bail, equal protection interests are engaged as well. *Id.*, 425 U.S. at 505–506, 96 S.Ct. at 1693–1694.

**5.** In *Johnson v. Spalding*, 510 F.Supp. 164 (E.D.Wash., 1981) *aff'd* 669 F.2d 589 (9th Cir.

1982), *cert. denied* 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982), the question arose in the context of a crime committed within an institution. The court rejected petitioner's complaint that his own witnesses had appeared in prison clothing, noting that the jury was already aware from the evidence that the witnesses were inmates. *Id.*, at 171.

**6.** Nor did the presence of a police guard, a routine measure for the maintenance of security, offend any protected right. *United States v. Halliburton*, 870 F.2d 557, 560–561 (9th Cir.), *cert. denied* 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 575 (1989).

less. *Estelle v. Williams*, 425 U.S. at 506–507, 96 S.Ct. at 1694–1695; *Delaware v. Van Arsdall*, 475 U.S. 673, 681, (1986) 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674. The central issue for the jury was whether petitioner was one of the robbers, and the prosecution's proof was strong. Krull did not waiver in his identification of petitioner. He picked his picture out of a photospread shortly after the crime (R.T. 78–82) and identified him again at trial. (R.T. 57.) He testified that he was able to look at petitioner on several occasions during the commission of the crime (R.T. 59, 63, 65 & 66), and that he was "positive" about his identification. (R.T. 82 & 94.) See *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

It is highly unlikely that Tarnowski's appearance in prison clothing influenced the jury at all, let alone the outcome of the case. Tarnowski was not in the presence of the jury for more than a few minutes, at most, in the midst of a four-day trial (C.T. 61–64). He was in the courtroom when the jury entered. The prosecutor asked Krull five questions concerning Tarnowski's identity and Krull was excused. The entire episode occupies one and one-half pages of a 200 page trial transcript. (R.T. 104–105.) While it would have been preferable if even this brief exposure had been avoided, it is clear from *Estelle v. Williams* that the risk of contamination is largely a function of the duration of the exposure. *Id.*, 475 U.S. at 693, 106 S.Ct. at 1442; cf. *United States v. Halliburton*, 870 F.2d at 560–562 (jurors' brief observation of defendant in restraints not inherently prejudicial and actual prejudice not shown; effect of curative instruction). Finally, the jury was given a curative instruction, the purpose of which was to discourage any speculation or untoward inferences about Tarnowski.[7] It

must, of course, be assumed that the jury accepted the admonition. *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954) ("Our theory of trial relies upon the ability of a jury to follow instructions.")

For these reasons, I conclude that Tarnowski's brief appearance in jail clothes did not affect the substantial rights of the defendant, and that the trial court's error (if it was error) was harmless beyond a reasonable doubt.

### RECOMMENDATION

IT IS RESPECTFULLY SUBMITTED that the Court issue an Order:

(1) approving and adopting this Report and Recommendation; and

(2) directing that Judgment be entered denying and dismissing the petition for writ of habeas corpus with prejudice.[8]

---

7. The instruction read:
"There has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime for which the defendant is on trial. You must not discuss or give any consideration as to why the other person is not being prosecuted in this trial or whether he has been or will be prosecuted." CALJIC (5th ed.) Section 2.11.5; R.T. 199.

8. Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules governing the duties of Magistrate Judges and Fed.R.Civ.P. 72, and review by the above-named District Judge. No Notice of Appeal, pursuant to the Federal Rules of Appellate Procedure, should be filed until entry of the Judgment of the District Court.