2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Lee PINKERTON, Petitioner-Appellant,
v.
Mark HENRY, Respondent-Appellee.
 No. 92-56105.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner James Lee Pinkerton appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion[1] challenging his 1977 jury conviction and sentence for murder and robbery of a postal worker and related counts in violation of 18 U.S.C. Secs. 8371, 2114, 1114, and 1111. This is Pinkerton's third section 2255 motion challenging his conviction and sentence. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 On appeal, the government argues that Pinkerton raises procedurally defaulted and successive claims in this latest section 2255 motion. We agree.[2]
 
 
 4
 Pinkerton raised eight claims before the district court: (1) government withholding of exculpatory evidence regarding other suspects who had committed a similar crime in violation of the "Brady " rule, (2) prosecutorial misconduct in closing argument, (3) improper trial court consideration of unsubstantiated evidence in the presentence report, (4) improper sentencing by the trial court based on a count for which he was not convicted, (5) improper introduction at trial of evidence of other crimes allegedly committed by Pinkerton, (6) insufficient evidence to support several of the counts of conviction, (7) improper admission of witness testimony refreshed by hypnosis, and (8) ineffective assistance of counsel at trial and on direct appeal.
 
 
 5
 In general, we review de novo the district court's dismissal of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). The district court's dismissal of a petition as successive or abusive, however, is reviewed for an abuse of discretion. See Campbell v. Blodgett, No. 92-35360, slip op. 5741, 5748 (9th Cir. June 8, 1993); Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990).
 
 A. Procedural Default
 
 6
 "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (citing United States v. Frady, 456 U.S. 152, 168 (1982)); see also United States v. Dunham, 767 F.2d 1395, 1396 (9th Cir.1985) ("[s]ection 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal"); Hammond v. United States, 408 F.2d 481, 483 (9th Cir.1969) ("[s]ection 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal").
 
 
 7
 Pinkerton's claims two through seven are clearly claims which could have been raised on direct appeal, but were not. Moreover, Pinkerton has not shown cause for and prejudice from his failure to do so. Accordingly, the district court did not err in dismissing those claims. See Johnson, 988 F.2d at 945.
 
 B. Successive Petitions
 
 8
 28 U.S.C. Sec. 2255 provides that the court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." A section 2255 motion is considered successive if: "(1) [T]he second motion presents the same ground determined adversely to the petitioner in the first; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the second motion." United States v. Mathews, 833 F.2d 161, 164-65 (9th Cir.1987).
 
 
 9
 A denial of a section 2255 motion without a hearing is considered to have been upon the merits if the files and records of the case "conclusively show that the prisoner was entitled to no relief." Mayes v. Pickett, 537 F.2d 1080, 1083 (9th Cir.1976), cert. dismissed, 429 U.S. 801 (1977), and cert. denied, 431 U.S. 924 (1977). The "ends of justice" require federal courts to entertain successive motions where the prisoner supplements his claim with "a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); see also Campbell, No. 92-35360, slip op. at 5766.
 
 
 10
 Here, many of Pinkerton's claims were previously considered and rejected on their merits in two prior section 2255 motions including his ineffective assistance of counsel claim. Pinkerton has demonstrated neither cause and prejudice nor a colorable showing of factual innocence with regard to these successive claims including his ineffective assistance of counsel claim. Accordingly, we affirm the district court's dismissal of these claims. See Campbell, No. 92-35360, slip op. at 5765-67.
 
 C. Abuse of the Writ
 
 11
 A section 2255 claim which raises new or different grounds for relief that were not raised in a prior petition may constitute abuse of the writ. Rule 9(b), Rules Governing Section 2255 Proceedings; McClesky v. Zant, 111 S.Ct. 1454, 1461 (1991). If a petitioner cannot show cause for his failure to raise the claim in the prior petition and actual prejudice from his inability to raise the claim, he has abused the writ. Id. at 1470, 1474-75; see also Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); Campbell, No. 92-35360, slip op. at 5748-49.
 
 
 12
 In Pinkerton's motion, he contends for the first time that the government withheld information concerning two other suspects and a similar crime which occurred after his arrest while he was in custody which could have been used to cast doubt upon his guilt. Moreover, he contends that he "just recently learned" of this information and thus could not have raised it in his direct appeal. Even if we were to find that Pinkerton had satisfied the "cause" element of the cause and prejudice test, Pinkerton has failed to demonstrate actual prejudice. See White v. Lewis, 874 F.2d 599, 603 (9th Cir.1989) (petitioner has burden of showing more than mere possibility of prejudice and must show that prejudice was actual and substantial); see also Campbell, No. 92-35360, slip op. at 5748-49 (no evidentiary hearing is necessary if petitioner fails to satisfy the cause and prejudice test) (citing McClesky, 111 S.Ct. at 1470). Moreover, Pinkerton has not shown bad faith on the part of the prosecution or made "a plausible showing that the [evidence] would have been material and favorable to the defense." See United States v. Dring, 930 F.2d 687, 693-94 (9th Cir.1991), cert. denied, 113 U.S. 110 (1992). Accordingly, the district court did not err by dismissing Pinkerton's section 2255 motion as to this claim.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pinkerton styled his petition as a habeas petition which we construe as a section 2255 motion. See 28 U.S.C. Sec. 2255; United States v. Hayman, 342 U.S. 205, 233 (federal prisoner must bring a section 2255 motion in lieu of a habeas corpus petition unless such a motion would be "inadequate or ineffective")
 
 
 [2]
 We consider the government's arguments regarding Pinkerton's procedural default, successive, and abusive claims despite the fact that these arguments were not raised before the district court because the district court summarily denied Pinkerton's motion without calling for a response from the government. See Molina v. Rison, 886 F.2d 1124, 1127 n. 4 (9th Cir.1989) (application of rule that court of appeals will rule on merits where government did not plead successiveness in the district court inappropriate where district court summarily dismissed motion without calling for government response)