FILED
United States Court of Appeals
Tenth Circuit

December 2, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMON CAMPOS-GUEL,

Defendant-Appellant.

No. 09-2141
(D.C. Nos. 08-CV-946 JEC-LFG and
05-CR-246-JEC)
(D. N.M.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Ramon Campos-Guel was convicted of illegally entering the United States following deportation for an aggravated felony. After his conviction was affirmed on appeal, he sought to challenge his continued detention in a 28 U.S.C. § 2255 motion. Following and in concurrence with a magistrate judge's report and recommendation, the district court denied the motion. Mr. Campos-Guel now seeks to appeal that ruling.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before we may address the merits of Mr. Campos-Guel's appeal, he must first secure a certificate of appealability by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Viewing his *pro se* filing with the liberality it is due, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), it seems that Mr. Campos-Guel seeks to make this showing in at least three different ways. None, however, is persuasive.

*First*, Mr. Campos-Guel argues that his conviction was secured in violation of his speedy trial rights. The problem is that the magistrate judge assigned to his underlying criminal case denied his motion to dismiss the indictment on speedy trial grounds, and Mr. Campos-Guel never sought review of that ruling before the district court. By failing to challenge the magistrate judge's disposition before the district court, the issue wasn't preserved for appellate review. And under our jurisprudence, a § 2255 motion cannot be a substitute tool for raising arguments that could've been raised but were forgone on direct appeal: "Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)), such that he may not pursue, under § 2255, arguments that "were or should have been raised on direct appeal" absent a showing of cause and prejudice, *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969), a

showing Mr. Campos-Guel has not attempted. Neither is this the only problem precluding our review. Before a claim alleging pre-indictment delay rises to the level of a constitutional deprivation (as opposed to the violation of a statutory right), and thus potentially reviewable under § 2255, *see United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006), the defendant must show he was actually prejudiced by the government's delay in indicting him and that the government was intentionally dilatory. *United States v. Colonna*, 360 F.3d 1169, 1176-77 (10th Cir. 2004). Mr. Campos-Guel has offered evidence of neither of these things.

*Second*, Mr. Campos-Guel argues that the magistrate judge was without authority to "to hear or rule on such motions." While the exact nature of this complaint isn't entirely clear, construing it liberally two possibilities occur to us. On the one hand, it is possible Mr. Campos-Guel seeks to challenge the magistrate judge's authority to deny his motion to dismiss the indictment in his underlying criminal action. An argument along these lines, however, suffers from defects we've already explored. On the other hand, it is possible that Mr. Campos-Guel seeks to challenge the magistrate judge's authority to issue a report and recommendation in his § 2255 action urging the district court to dismiss his petition for collateral review. But such an argument, too, would be unavailing: the Federal Magistrate Act expressly authorizes just such reports. *See* 28 U.S.C. § 636(b)(1)(B).

*Third*, Mr. Campos-Guel seeks a certificate of appealability ("COA") to contest not just the district court's substantive rulings on his § 2255 petition, but also a procedural one. After the magistrate judge issued his report and recommendation in this § 2255 action and Mr. Campos-Guel didn't interpose any objections to it, the district court adopted the report in full. Thereafter, Mr. Campos-Guel complained that he never received a copy of the magistrate judge's report, and sought to "reopen" the case to enable him to interpose objections to the magistrate judge's report. The district court denied the motion, and Mr. Campos-Guel now complains that this ruling was in error. Yet, the district court based its ruling on the fact that (1) materials mailed by the court are presumed to be received, *see Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998), and (2) Mr. Campos-Guel offered the court no evidence to overcome that presumption in this case. Now before us, Mr. Campos-Guel offers us no reason for thinking that the district court's analysis was in error, let alone suggest a basis on which we might conclude that he has succeeded in pointing us to a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), of the sort needed to warrant a COA.

We deny Mr. Campos-Guel's request for a COA and his related motions for appointment of counsel and to proceed *in forma pauperis*, and dismiss this appeal. Having done so, and thus left without any case in this court, and further seeing no authority in law or fact permitting us to entertain it in these circumstances, we

- 4 -

deny Mr. Campos-Guel's additional motion, apparently raised for the first time before us, for a transfer from one prison facility to another as moot.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge